AES/DCP:MEB/AS
F. #2019R01465

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against –

JAVIER AGUILAR,

        Defendant.

I N D I C T M E N T

Cr. No. **1:20-cr-00390(RRM)(JO)**

(T. 18, U.S.C., §§ 371, 1956(h),
981(a)(1)(C), 982(a)(1), 982(b)(1) and 3551
et seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

- - - - - - - - - - - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

## COUNT ONE
(Conspiracy to Violate the Foreign Corrupt Practices Act)

1.     In or about and between March 2015 and July 10, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAVIER AGUILAR, together with others, did knowingly and willfully conspire to commit one or more offenses against the United States, to wit:

(a)    being a domestic concern, to make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay and authorization of the payment of any money, offer, gift, promise to give and authorization of the giving of anything of value to a foreign official, to a foreign political party and official thereof, and to a person while knowing that all or a portion of such money and thing of value would be offered, given and promised to a foreign official and to a foreign political party and official thereof, for purposes of: (i) influencing acts and decisions of such foreign official, foreign political party and official thereof in his, her or its official capacity;

(ii) inducing such foreign official, foreign political party and official thereof to do and omit

to do acts in violation of the lawful duty of such official and party; (iii) securing any

improper advantage; and (iv) inducing such foreign official, foreign political party and

official thereof to use his, her or its influence with a foreign government and agencies and

instrumentalities thereof to affect and influence acts and decisions of such government and

agencies and instrumentalities, in order to assist AGUILAR; Trading Company, an entity the

identity of which is known to the Grand Jury; Consultant #1, an individual whose identity is

known to the Grand Jury; and others in obtaining and retaining business for and with, and

directing business to, Trading Company and others, contrary to Title 15, United States Code,

Section 78dd-2; and

      (b)     while in the territory of the United States, corruptly to make use

of the mails and means and instrumentalities of interstate commerce and to do any act in

furtherance of an offer, payment, promise to pay and authorization of the payment of any

money, offer, gift, promise to give and authorization of the giving of anything of value to a

foreign official, to a foreign political party and official thereof, and to a person while

knowing that all or a portion of such money and thing of value would be offered, given and

promised to a foreign official and to a foreign political party and official thereof, for

purposes of: (i) influencing acts and decisions of such foreign official, foreign political party

and official thereof in his, her or its official capacity; (ii) inducing such foreign official,

foreign political party and official thereof to do and omit to do acts in violation of the lawful

duty of such official and party; (iii) securing any improper advantage; and (iv) inducing such

foreign official, foreign political party and official thereof to use his, her or its influence with

a foreign government and agencies and instrumentalities thereof to affect and influence acts

and decisions of such government and agencies and instrumentalities, in order to assist

Consultant #2, an individual whose identity is known to the Grand Jury, and others in

obtaining and retaining business for and with, and directing business to, Trading Company

and others, contrary to Title 15, United States Code, Section 78dd-3.

2.      In furtherance of the conspiracy and to effect its objects, within the

Eastern District of New York and elsewhere, the defendant JAVIER AGUILAR, together

with others, committed and caused the commission of, among others, the following:

OVERT ACTS

(a)      On or about September 20, 2016, AGUILAR, who resided in the

United States, sent an email to Consultant #2, directing Consultant #2 to send letters from a

State-Owned Entity in Oman, an entity the identity of which is known to the Grand Jury, to

"[e]l gordo," the code name for Ecuadorian Official #1, an individual whose identity is

known to the Grand Jury, who was a government official in Ecuador.

(b)      On or about March 7, 2018, Intermediary, an individual whose

identity is known to the Grand Jury, forwarded to AGUILAR at AGUILAR's

pseudonymous, non-work email address and others, an email that Intermediary received from

Consultant #2, attaching 39 sham invoices from Consulting Company to Shell Company,

entities the identity of which are known to the Grand Jury.   The 39 invoices were dated

between approximately January 2017 and January 2018, and included 13 invoices with

invoice numbers 10021-24, 10028-30, 10032, 10036-38 and 10043-44.   In the email, which

was written in Spanish, Intermediary told AGUILAR, in sum and substance, that he had

received the attached invoices for purported consulting services from the "los Equatorenos,"

a reference to Consultant #1 and Consultant #2, and he asked how he should proceed.

4

(c)     On or about April 20, 2018, the parent company of Trading Company, an entity the identity of which is known to the Grand Jury, wired approximately $750,000 from a bank account located in London, United Kingdom to a bank account located in Curaçao in the name of Shell Company.

(d)     On or about and between May 28, 2018 and June 25, 2018, both dates being approximate and inclusive, Shell Company wired three payments totaling approximately €201,306 Euro and one payment totaling approximately $19,283 to bank accounts for Consulting Company located in the Cayman Islands and Curaçao.   Shell Company's bank statements showing these wires referenced the same 13 invoices, including invoices with numbers 10021-24, 10028-30, 10032, 10036-38 and 10043-44, as referenced in sub-paragraph (b) above.

(e)     On or about July 5, 2018, Consultant #1, who resided in the United States, and Consultant #2, while in the United States, sent instructions to a bank to wire approximately $225,000 from an account owned by Consultant #1 and Consultant #2 located in the Cayman Islands, through a correspondent bank account located in New York, New York, to an account located in Portugal for the benefit of Ecuadorian Official #1.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Money Laundering)

3.      In or about and between March 1, 2015 and July 10, 2020, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant JAVIER AGUILAR, together with others, did knowingly and willfully conspire to

commit one or more offenses against the United States, to wit:

(a)      to knowingly transport, transmit and transfer, and attempt to

transport, transmit and transfer, monetary instruments and funds from a place in the United

States to and through a place outside the United States and to a place in the United States

from and through a place outside the United States with the intent to promote the carrying on

of one or more specified unlawful activities, to wit: (i) felony violations of the Foreign

Corrupt Practices Act ("FCPA"), Title 15, United States Code, Sections 78dd-2 and 78dd-3,

and (ii) offenses against a foreign nation involving bribery of a public official, in violation of

the Ecuadorian Penal Code, pursuant to Title 18, United States Code, Section

1956(c)(7)(B)(iv), contrary to Title 18, United States Code, Section 1956(a)(2)(A); and

(b)      to knowingly transport, transmit and transfer, and attempt to

transport, transmit and transfer, monetary instruments and funds from a place in the United

States to and through a place outside the United States and to a place in the United States

from and through a place outside the United States, knowing that the monetary instruments

and funds involved in the transportation, transmission and transfer represented the proceeds

of some form of unlawful activity, and knowing that such transportation, transmission and

transfer was designed in whole or in part to conceal or disguise the nature, location, source,

ownership and control of the proceeds of one or more specified unlawful activities, to wit: (i)

6

felony violations of the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3;

and (ii) offenses against a foreign nation involving bribery of a public official, in violation of

the Ecuadorian Penal Code, pursuant to Title 18, United States Code, Section

1956(c)(7)(B)(iv), contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

4.      The United States hereby gives notice to the defendant that, upon his

conviction of the offense charged in Count One, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461(c), which require any person convicted of such offense to forfeit

any property, real or personal, constituting, or derived from, proceeds obtained directly or

indirectly as a result of such offense.

5.      If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with, a third party;

        (c)      has been placed beyond the jurisdiction of the court;

        (d)      has been substantially diminished in value; or

        (e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the above

forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p), Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

5.      The United States hereby gives notice to the defendant that, upon his

conviction of the offense charged in Count Two, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 982(a)(1), which requires any person

convicted of such offense to forfeit any property, real or personal, involved in such offense,

or any property traceable to such property.

6.      If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the court;
>
> (d)     has been substantially diminished in value; or
>
> (e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

8

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A True Bill

_____
Foreperson

_____
SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York

_____
DANIEL S. KAHN
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

_____
DEBORAH CONNOR
Chief, Money Laundering and Asset Recovery Section
Criminal Division
U.S. Department of Justice

F. #2019R01460
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK
CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

JAVIER AGUILAR,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 1956(h), 981(a)(1)(C) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C. § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Mark E. Bini and Andrey Spektor, Assistant U.S. Attorneys (718) 254-7000, Ann Brickley, Adam G. Schwartz and Derek J. Ettinger, U.S. Department of Justice Trial Attorneys, (202) 353-2467*