UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

   - against -

JAVIER AGUILAR

            Defendant.

------------------------------X

1:20-cr-00390-ENV

**Served Via ECF on November 24, 2020**

# REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Spiro
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7364
alexspiro@quinnemanuel.com

Richard C. Smith (admitted *pro hac vice*)
1300 I Street, Northwest, Suite 900
Washington, DC 20006
(202) 538-8285
richardsmith@quinnemanuel.com

*Counsel for Defendant Javier Aguilar*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.    The Charging Instruments Omit Essential Information About the Charges
          Against Mr. Aguilar .......................................................................................... 2

    B.    The Government's Limited Disclosures Fail to Cure the Charging Instruments'
          Central Deficiencies ........................................................................................ 4

    C.    Massive Discovery Justifies Bills of Particulars in Complex Conspiracy Cases ............... 7

    D.    The Worsening Coronavirus Pandemic Increases Mr. Aguilar's Need for the
          Requested Particulars ....................................................................................... 9

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Ajemian*,
    2012 WL 6762011 (S.D.N.Y. Dec. 27, 2012) ............................................................................ 2

*United States v. Alsugair*,
    256 F. Supp. 2d 306 (D.N.J. 2003) ........................................................................................... 5

*United States v. Barrett*,
    153 F. Supp. 3d 552 (E.D.N.Y. 2015) ...................................................................................... 4

*United States v. Bazezew*,
    783 F. Supp. 2d 160 (D.D.C. 2011) .......................................................................................... 3

*United States v. Bin Laden*,
    92 F. Supp. 2d 225 (S.D.N.Y. 2000) ..................................................................................... 7, 8

*United States v. Bortnovsky*,
    820 F.2d 572 (2d Cir. 1987) (per curiam) ................................................................................ 9

*United States v. Carson*, Mins. of Mot. Hr'g,
    No. 8:09-cr-77 (C.D. Cal. May 18, 2009), ECF No. 75 ........................................................ 3, 4

*United States v. Cohn*,
    ___ F. Supp. 3d ___, 2020 WL 5050945 (E.D.N.Y. Aug. 26, 2020) ..................................... 10

*United States v. Davidoff*,
    845 F.2d 1151 (2d Cir. 1988) ................................................................................................ 2, 6

*United States v. Dervishaj*,
    2015 U.S. Dist. LEXIS 195158 (E.D.N.Y. May 29, 2015) .................................................... 4, 9

*United States v. Dumeisi*,
    2003 WL 22757747 (N.D. Ill. Nov. 20, 2003) ......................................................................... 8

*United States v. Failla*,
    1993 WL 547419 (E.D.N.Y. Dec. 21, 1993) ............................................................................ 5

*United States v. Ganim*,
    225 F. Supp. 2d 145 (D. Conn. 2002) ................................................................................... 4, 5

*United States v. Gatto*,
    746 F. Supp. 432 (D.N.J. 1990) ............................................................................................ 3, 5

*United States v. Greater Syracuse Bd. of Realtors, Inc.*,
    438 F. Supp. 376 (N.D.N.Y. 1977) ................................................................................ 8

*United States v. Lino*,
    2001 WL 8356 (S.D.N.Y. Jan. 2, 2001) ......................................................................... 5

*United States v. Manetti*,
    323 F. Supp. 683 (D. Del. 1971) .................................................................................. 10

*United States v. Murgio*,
    209 F. Supp. 3d 698 (S.D.N.Y. 2016) ............................................................................ 4

*United States v. Rajaratnam*,
    2010 WL 2788168 (S.D.N.Y. July 13, 2010) ................................................................ 8

*United States v. Shkreli*,
    2016 WL 8711065 (E.D.N.Y. Dec. 16, 2016) ............................................................... 6

*United States v. Strawberry*,
    892 F. Supp. 519 (S.D.N.Y. 1995) ................................................................................ 3

*United States v. Taylor*,
    707 F. Supp. 696 (S.D.N.Y. 1989) ................................................................................ 6

*United States v. Trie*,
    21 F. Supp. 2d 7 (D.D.C. 1998) .................................................................................... 2

*United States v. Vazquez-Ruiz*,
    136 F. Supp. 2d 941 (N.D. Ill. 2001) ......................................................................... 8, 9

*United States v. Wey*,
    2017 WL 237651 (S.D.N.Y. Jan. 18, 2017) ............................................................... 7, 8

## Statutes & Rules

15 U.S.C. § 78dd-3 ............................................................................................................ 3, 7

18 U.S.C. § 3500 ............................................................................................................... 6, 7

Fed. R. Crim. P. 7 .............................................................................................................. 1, 6

Local Crim. R. 16.1 ............................................................................................................... 4

## Other Authorities

Rebecca Halleck & Neil MacFarquar, *U.S. Records 12 millionth case as virus surge
    gathers speed*, N.Y. Times (Nov. 21, 2020), https://www.nytimes.com/2020/11/21/
    world/us-records-12-millionth-case-as-virus-surge-gathers-speed.html ..................... 9

Defendant Javier Aguilar respectfully submits this reply in further support of his motion (the "Motion," ECF No. 25) under Federal Rule of Criminal Procedure 7(f) for a bill of particulars disclosing information essential to defending the charges pending against him.

## PRELIMINARY STATEMENT

The Court should reject the Government's attempt to evade the crux of this Motion. Although the Government points to its eleventh-hour, informal disclosures in its opposition brief ("Opp.," ECF No. 27), correspondence with defense counsel, and the nearly **600,000 pages** of discovery that it has produced so far, these disclosures fail to fill the central gaps in the charging instruments. The Complaint (ECF No. 1), the Indictment (ECF No. 13), and the Government's recent disclosures still lack critical information necessary for Mr. Aguilar to defend himself. Each pleading, and those disclosures, exploit limitless, open-ended caveats that aggravate the resulting prejudice. And, as courts have repeatedly held, massive discovery (even in quantities far less than that at issue) does not eliminate, but rather exacerbates, the need for a bill of particulars. This is especially true in complex conspiracy cases like this.

Each of Mr. Aguilar's seventeen requests seeks information that is necessary for his defense. Without this crucial information—such as the identities and roles of all participants in the alleged conspiracy, the dates of the alleged overt acts including the allegedly unlawful payments, and the means by which the alleged conspiracy was carried out—Mr. Aguilar will face precisely the type of prejudicial surprise that the Sixth Amendment and Federal Rule of Criminal Procedure 7 are meant to prevent. Courts routinely order the Government to disclose this kind of information in bills of particulars, and a similar order is warranted here, particularly given the challenges imposed by restrictions countering the worsening coronavirus pandemic. This Court should exercise its considerable discretion to grant this Motion and order the Government to provide the requested bill of particulars.

## ARGUMENT

This Court should grant Mr. Aguilar's Motion and order the Government to disclose the requested particulars, which are necessary for him to "prepare for trial" and "to prevent surprise" at trial. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (holding that courts should exercise their "sound discretion" to order bills of particulars in those circumstances).

### A. The Charging Instruments Omit Essential Information About the Charges Against Mr. Aguilar

As Mr. Aguilar showed in his opening memorandum of law ("Mot.," ECF No. 25-1), the threadbare and generalized allegations in the Complaint and Indictment fail to put him on notice of facts that are necessary for the preparation of his defense and the elimination of unfair surprise. Worse still, the charging instruments employ limitless caveats and catch-all language that only heighten the prejudice stemming from these deficiencies. The Court should remedy this through a bill of particulars. *See United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) (holding that defendants "should not have to waste precious pre-trial preparation time guessing" about crucial details "when the [G]overnment knows precisely" what "it intends to rely [on] and can easily provide th[at]" information).

*First*, the charging instruments fail to specify who the other participants in the alleged conspiracy were. Instead, both the Complaint and the Indictment allege that Mr. Aguilar had, with an unspecified number of "others," formed a conspiracy. Compl. ¶¶ (a), (b), 9, 11, 16–18, 20, 31; Indictment ¶¶ 1, 2(a)–(e), 3(a)–(b). Courts routinely order the Government to close the loop on such expansive allegations. *See, e.g.*, *United States v. Ajemian*, 2012 WL 6762011, at *2 (S.D.N.Y. Dec. 27, 2012) (granting order to show cause as to the disclosure of the identities of all unindicted co-conspirators, including an "unspecified number of unnamed co-conspirators");

2

*United States v. Gatto*, 746 F. Supp. 432, 477 (D.N.J. 1990) (ordering the Government to "specify who the 'others' are" in the indictment), *rev'd on other grounds*, 924 F.2d 491 (3d Cir. 1991).

*Second*, the pleadings only outline, at a high level, what the alleged responsibilities and duties of the "Ecuadorian Official[s]" were at the time of any alleged bribes. *See* Compl. ¶ 14 (charging that one of those persons held "various positions" in the Ecuadorian Ministry of Hydrocarbons). This information is essential to Mr. Aguilar's defense because the definition of a "foreign official" under the Foreign Corrupt Practices Act ("FCPA") hinges on those duties and responsibilities. *See* 15 U.S.C. § 78dd-3(a)(3), (f)(2)(A). Accordingly, courts in FCPA cases have ordered the Government to disclose this information in bills of particulars. *See, e.g.*, Mins. of Mot. Hr'g at 3–4, *United States v. Carson*, No. 8:09-cr-77 (C.D. Cal. May 18, 2009), ECF No. 75.

*Third*, the charging instruments omit dates crucial to the formation and performance of the alleged conspiracy, including when each alleged member joined it. Both pleadings also threaten that the alleged overt acts are "among others" known to the Government. Compl. ¶ 31; Indictment ¶ 2(a)–(e). Courts regularly fill these gaps through bills of particulars. *See United States v. Strawberry*, 892 F. Supp. 519, 527 (S.D.N.Y. 1995) (holding that "the dates the Government will claim the defendants and co-conspirators joined and left the conspiracy" are "necessary to the preparation of [the] defense"); *see also United States v. Bazezew*, 783 F. Supp. 2d 160, 168–69 (D.D.C. 2011) (ordering "a description of any overt act taken," including the dates thereof, to allow the defendants to "prepare for trial" and "avoid surprise at trial").

*Finally*, the Complaint and Indictment fail to allege facts critical to how the alleged conspiracies were carried out. For instance, neither pleading puts Mr. Aguilar on notice of which payments the Government alleges are bribes (or in furtherance of bribery). Instead, while the charging instruments allege certain payments, they again threaten that these are just "example[s],"

3

Compl. ¶ 18, which are "among others" known to the Government but hidden from the defense, *id.* ¶ 31, Indictment ¶ 2.  This warrants a bill of particulars.  *United States v. Ganim*, 225 F. Supp. 2d 145, 155 (D. Conn. 2002) (holding that bribes charged as "among others" and "by no means exclusive" gave "insufficient notice" to the defendant).  The Court should require the Government to disclose facts central to the bribes themselves because "[t]hey are the core of the case." *Carson*, *supra*, at 3; *accord United States v. Murgio*, 209 F. Supp. 3d 698, 723 (S.D.N.Y. 2016) ("If the Government plans to introduce evidence of a bribe that is not already mentioned in the Indictment, then a bill of particulars as to such bribe(s) is appropriate to enable [the defendant] to prepare for trial [and] prevent surprise." (second alteration in original) (internal quotation marks omitted)).

The Court should order the Government to remedy these charging deficiencies promptly through the requested bill of particulars.[1]

B.  **The Government's Limited Disclosures Fail to Cure the Charging Instruments' Central Deficiencies**

The Government's opposition, and the limited disclosures contained therein, implicitly concede the fatal charging defects identified above.  *See* Opp. 8–11.  Yet even those belated clarifications[2] fail to supply crucial information necessary for Mr. Aguilar's defense and to limit

---

[1]  The Court should reject the Government's assertion that "wheres, whens and with whoms" may not be disclosed through a bill of particulars.  Opp. 5–6 (internal citation omitted); *cf. United States v. Dervishaj*, 2015 U.S. Dist. LEXIS 195158, at *16 (E.D.N.Y. May 29, 2015) (Vitaliano, J.) (calling this "the [G]overnment's standard counterpoint").  This overlooks each of the cases cited above (and in Mr. Aguilar's opening brief), which ordered disclosure of precisely the whos, whats, whens, and hows sought by this Motion.  In any event, requests for bills of particulars must be assessed on a case-by-case and request-by-request basis—not by resorting to overbroad proscriptions.  *See United States v. Barrett*, 153 F. Supp. 3d 552, 572 (E.D.N.Y. 2015) (noting that "precedents furnish little help in disposing of requests for bills of particulars").

[2]  Last month, the Government agreed to provide "additional information related to" recordings involving Mr. Aguilar.  ECF No. 25-2, Ex. B at 3 n.2.  It later sent a one-page table just moments before filing its opposition brief.  These and the other disclosures in the Government's brief could have been (but were not) made in the parties' Local Criminal Rule 16.1 conferrals.

4

the risk of unfair surprise. Among other things, those informal disclosures suffer from the following conspicuous flaws.

*Limitless caveats*. Many of the Government's clarifications either double down on, or incorporate by reference, the same open-ended language that the charging instruments exploited. *See, e.g.*, Opp. 8 (Request No. 2) (discussing "co-conspirators including" those previously disclosed); *id.* at 9–10 (Request Nos. 9 & 15) (citing Compl. ¶ 18, which describes payments that are mere "example[s]" of those known to the Government); *id.* (Request No. 10) ("While not exhaustive ...."); *id.* at 10 (Request No. 11) (citing paragraphs of the Indictment that "summarize" acts and communications known to the Government); *id.* at 11 (Request No. 16) (cautioning that the entities involved in the charging instruments' allegations merely "include" those listed). These disclosures suffer the same fatal flaws that courts routinely remedy through bills of particulars. *See, e.g.*, *Ganim*, 225 F. Supp. 2d at 155, *Gatto*, 746 F. Supp. at 477.³

This flaw is especially glaring with respect to Request No. 2, which seeks the identities of all unindicted co-conspirators—a request that is "generally granted by the district courts." *United States v. Failla*, 1993 WL 547419, at *7 (E.D.N.Y. Dec. 21, 1993). The Government concedes that a number of others are implicated. *See* Opp. 14. Mr. Aguilar is "likely to be surprised by the identity of other-co-conspirators, whom he may have never met," *United States v. Lino*, 2001 WL 8356, at *13 (S.D.N.Y. Jan. 2, 2001) (internal citation omitted), including those working with the Consultants, the Intermediary, the Ecuadorian Officials, and other corporate entities.

---

³ If the Government's position is that the information it has disclosed or charged is exhaustive with respect to, among other things, the participants in the conspiracy and the statements and payments at issue—including the 33 recordings involving Mr. Aguilar and the payments identified in Compl. ¶ 18—then it should say so in a bill of particulars. Otherwise, the Court should strike these open-ended, prejudicial caveats from the Indictment. *See, e.g.*, *United States v. Alsugair*, 256 F. Supp. 2d 306, 317–18 (D.N.J. 2003) (striking the phrase "and others" because it "implies" to the jury that "there exists a broader scope of illegal activity than is actually charged").

5

Nonetheless, the Government seeks to avoid making these necessary disclosures by resorting to a generalized claim (applicable in the vast majority of prosecutions) that its investigation "is ongoing" and certain individuals who "are located abroad or travel … may evade arrest" if their identities are disclosed. Opp. 14. Yet the case it cites involved a *particularized* risk of investigatory harm because the defendant "ha[d] a history of witness intimidation and tampering." *United States v. Shkreli*, 2016 WL 8711065, at *6 (E.D.N.Y. Dec. 16, 2016). If the Government is concerned about co-conspirators evading arrest, it can (and should) make non-public or sealed disclosures, just like it did when it identified some of the individuals and entities named in the charging instruments last month. *See* ECF No. 25-2, Ex. B at 3.[4]

***References to undisclosed materials.*** Several of the Government's informal responses allude to materials that it has yet to provide to the defense. *See, e.g.*, Opp. 8 (Request No. 1) (noting that the Government "will also elicit evidence" about the formation of the conspiracy); *id.* at 9 (Request No. 6) (pointing to records that the Government "will produce" about the alleged bribes); *id.* (Request No. 7) (same); *id.* (Request No. 8) (stating that the Government "will provide further detail in its [18 U.S.C. §] 3500 material"). As the Second Circuit has recognized, the future production of other discovery materials, such as § 3500 material, is not "an adequate substitute for a straightforward identification [of information] in a bill of particulars." *Davidoff*, 845 F.2d at 1155. The Government's wait-and-see response fails to satisfy its obligations under Rule 7(f).

***Side-stepping.*** With respect to Request No. 3, the Government states that it has provided the "identities" and "roles" of the Ecuadorian Officials at issue. Opp. 8. But that avoids the crux of this request, which seeks those officials' duties or responsibilities. *See* Mot. 8–9. Thus, the

---

[4] If the Government disclosed those individuals' identities (but not others') because they are in the Government's custody, "that fact should be made known" through a bill of particulars. *United States v. Taylor*, 707 F. Supp. 696, 700 (S.D.N.Y. 1989).

6

Government's informal, cursory clarification still fails to provide information essential to an element of the offense: whether those persons were, in fact, "foreign officials" under the FCPA. 15 U.S.C. § 78dd-3(a)(3), (f)(2)(A).

Accordingly, the informal disclosures in the Government's opposition brief do not cure the charging instruments' fatal flaws.

### C. Massive Discovery Justifies Bills of Particulars in Complex Conspiracy Cases

The Government has produced nearly 600,000 pages of documents so far, and, as it made clear to the defense and the Court during the November 20, 2020 status conference, it intends to produce a *significant* amount of additional discovery. *See also* Opp. 12 (noting that these quantities are merely "the early discovery"). The Government claims generally that this massive discovery obviates the need for particularized allegations, *id.*, and it reiterates that claim with respect to several individual requests.[5]

This claim ignores settled law to the contrary. Indeed, as courts in this circuit have routinely held, "[i]t is no solution to rely solely on the quantity of information disclosed by the [G]overnment [because] sometimes, the large volume of material disclosed is ***precisely what necessitates a bill of particulars***." *United States v. Wey*, 2017 WL 237651, at *18 (S.D.N.Y. Jan. 18, 2017) (second alteration added) (emphasis added) (quoting *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000)); *accord id.* ("The Government … does not fulfill its obligations merely by providing mountains of documents to defense counsel who were left unguided as to the nature of the charges pending." (internal quotation marks and citations

---

[5] *See* Opp. 8 (Request No. 4) ("the evidence provided to the defendant in discovery details further evidence in furtherance of the conspiracy"); *id.* at 9 (Request No. 6) (pointing to "10,000 pages of [bank] records" and still more it "will produce" about the alleged bribes); *id.* (Request No. 7) (same); *id.* (Request No. 8) (referencing "further detail [to be provided in §] 3500 materiaI").

7

omitted)). This is especially true "in complex conspiracy cases like this one, [when] the potential for unfair surprise and the difficulty of preparing a defense are amplified," because a defendant may have little-to-no knowledge of other co-conspirators' involvement or conduct. *United States v. Rajaratnam*, 2010 WL 2788168, at *2 (S.D.N.Y. July 13, 2010). Bills of particulars are further warranted, when, as here, "the charged conspiracies involve[d] a wide range of conduct, occurring over a long period of time, in various countries around the world." *Rajaratnam*, 2010 WL 2788168, at *2 (original alteration) (quoting *Bin Laden*, 92 F. Supp. 2d at 236). Indeed, from the charging instruments alone, this conspiracy implicates at least five participants, across more than five countries, and over half a decade. *See United States v. Greater Syracuse Bd. of Realtors, Inc.*, 438 F. Supp. 376, 380–81 (N.D.N.Y. 1977) (ordering that "all overt acts, proof of which will be offered at trial, be specified" due to the "anticipated complexity" of the conspiracy case).[6]

Courts have accordingly ordered bills of particulars even when the Government had produced far fewer documents than it has here. For instance, in *United States v. Savin*, the court granted the defendant's motion because the Government had disclosed "100,000 pages of discovery," and, to prepare his defense and avoid unfair surprise, the defendant would "be forced to comb through this veritable mountain of documents and attempt to guess which of the numerous transactions documented therein, and conducted over a six-year period," were at issue. 2001 WL 243533, at *3 (S.D.N.Y. Mar. 7, 2001). Likewise, in *United States v. Vazquez-Ruiz*, the court held that the defendant "should not be left to [his] own devices and a sifting of the voluminous materials that have been provided in order to divine the particulars of [ ] critical allegations, which ha[d] not

---

[6] A bill of particulars is particularly warranted here because a substantial percentage of the discovery produced so far is in Spanish, yet the Government has not provided any translations or summaries of that discovery. *Cf. United States v. Dumeisi*, 2003 WL 22757747, at *2 (N.D. Ill. Nov. 20, 2003) (denying motion for bill of particulars when the Government had "provide[d] … translations and summaries of the Arabic documents and tapes in its possession").

8

yet been disclosed." 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001). The court held that a production of just "17,000 pages of documents" warranted a bill of particulars. *Id.*

The case the Government cites undermines its claim that massive document productions can stave off a motion for a bill of particulars. In *United States v. Dervishaj* (cited at Opp. 11–12), this Court denied the defendant's motion for a bill of particulars after the Government had disclosed sworn "affidavits it used to support its wiretap, search warrant, and historical cell site applications," which "provide[d] a wealth of insight into the [G]overnment's investigation, and detail[ed] the charges the defendants face[d]." 2015 U.S. Dist. LEXIS 195158, at *16, *18 (E.D.N.Y. May 29, 2015). Similarly, in *United States v. Ferguson*, the court denied a motion for a bill of particulars because the Government had given the defendant "1,350 pages of 'hot documents' culled from the rule 16 production materials," which "identified … the most relevant documents to the transaction at issue … and stated its intention to use th[o]se documents in its case-in-chief." 478 F. Supp. 2d 220, 226 (D. Conn. 2007).

To the extent that the Government could make similar disclosures here, it has chosen not to, electing instead to bury Mr. Aguilar under "mountains of documents." *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (per curiam). This is plainly unfair and prejudicial to Mr. Aguilar and further supports the need for the Government to provide a bill of particulars.

### D. The Worsening Coronavirus Pandemic Increases Mr. Aguilar's Need for the Requested Particulars

The restrictions imposed to counter the ongoing—and now rapidly intensifying—coronavirus pandemic continue to heighten the need for the requested particulars.[7] These

---

[7] *See, e.g.*, Rebecca Halleck & Neil MacFarquar, *U.S. Records 12 millionth case as virus surge gathers speed*, N.Y. Times (Nov. 21, 2020), https://www.nytimes.com/2020/11/21/world/us-records-12-millionth-case-as-virus-surge-gathers-speed.html.

9

restrictions, and the practical limitations of remote-work technologies, frustrate Mr. Aguilar's efforts to confer meaningfully with his counsel about, among other things, the nearly 600,000 pages of documents that the Government has so produced so far. Those complications are further compounded by the fact that a considerable number of those documents, and nearly all of the recordings, are entirely in Spanish.

The Court should reject the Government's terse response, which asserts that these concerns do not "create[ ] a particularized need for a specific piece of information." Opp. 16. Rather, the pandemic restrictions increase the need for *each* of the requested particulars because the defense is limited in its ability to investigate fulsomely the alleged offenses. The Government's response similarly disregards the Court's and the Government's on-the-record statements acknowledging the effect that these restrictions have had and will continue to have on this case. *See* Mot. 18 n.13 (quoting Oct. 9, 2020 Status Conference Tr. (ECF No. 25-2, Ex. C)).

In deciding motions for bills of particulars, "doubt must be resolved in favor of disclosure … yield[ing] to [the] paramount public interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971). This paramount public interest is only amplified in these "unprecedented" and "challeng[ing]" circumstances. *United States v. Cohn*, ___ F. Supp. 3d ___, 2020 WL 5050945, at *1, *3 (E.D.N.Y. Aug. 26, 2020). Thus, the equities support granting Mr. Aguilar's Motion.

## CONCLUSION

For the foregoing reasons, and all those stated in his opening memorandum of law, Defendant Javier Aguilar asks this Court to grant in full his Motion for a Bill of Particulars.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 24, 2020 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|  | By:   */s/ Alex Spiro* <br> Alex Spiro <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010 <br> (212) 849-7364 <br> alexspiro@quinnemanuel.com |
|  | Richard C. Smith (admitted *pro hac vice*) <br> 1300 I Street, Northwest, Suite 900 <br> Washington, DC 20006 <br> (202) 538-8285 <br> richardsmith@quinnemanuel.com |
|  | *Counsel for Defendant Javier Aguilar* |