

U.S. Department of Justice

United States Attorney
Eastern District of New York

DCP:MSM
F. #2016R00935

271 Cadman Plaza East
Brooklyn, New York 11201

August 1, 2021

By E-Mail and ECF

The Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Javier Aguilar
              Criminal Docket No. 20-390 (ENV)

Dear Judge Vitaliano:

      The government respectfully submits this letter in response to the Court's July 28, 2021 order directing the government "to state whether it opposes the scheduling of an evidentiary hearing on the defendant's intended application to suppress statements allegedly made to government agents at the George Bush Intercontinental Airport in Houston, Texas on July 10, 2020." For the reasons, set forth below, the government submits that an evidentiary hearing is not appropriate at this time as the defendant has not demonstrated, as he must, that an evidentiary hearing is required. Instead, the government respectfully submits that the Court should set a briefing schedule so that the defendant can file his motion and an accompanying affidavit to determine if an evidentiary hearing is necessary.

      A defendant does not have an absolute right to an evidentiary hearing on a motion to suppress evidence. See United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005). Rather, in order to warrant an evidentiary hearing, a defendant's submission must raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion. United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992). A trial court must grant such a hearing only if a movant's affidavit contains specific factual allegations which, if proven, would warrant the relief requested. See Watson, 404 F.3d at 167; United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir. 1969) (evidentiary hearing is not required when the defendant's "moving papers [do] not state sufficient facts which, if proven, would . . . require[] the granting of the relief requested by [the defendant]").

      In this case, the defendant has not yet submitted any papers in support of his motion, let alone an affidavit based on personal knowledge, that raises any contested issue of material fact. As such, at this time, there is no reason to have an evidentiary hearing. If the defendant makes such a submission and it raises a contested issue of material fact under the

Alex Spiro, Esq. and Richard C. Smith, Esq.
August 1, 2021
Page 2

appropriate legal standard, then the government will, if appropriate, agree that an evidentiary hearing should be scheduled.

    Respectfully submitted,

    JACQUELYN M. KASULIS
    Acting United States Attorney

By:   /s/ Mathew S. Miller
    Mathew S. Miller
    Assistant U.S. Attorney
    (718) 254-6075

    JOSEPH S. BEEMSTERBOER
    Acting Chief, Fraud Section
    Criminal Division, U.S. Dept. of Justice

By:   /s/ Derek J. Ettinger
    Derek J. Ettinger
    Assistant Chief
    (202) 514-5545

    DEBORAH CONNOR
    Chief, Money Laundering and Asset Recovery Section
    Criminal Division, U.S. Dept. of Justice

By:   /s/ Ann Brickley
    Trial Attorney
    (202) 674-5660