DCP:JPL
F. #2019R01460

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JAVIER AGUILAR,

               Defendant.

- - - - - - - - - - - - - - - - - X

STIPULATION AND ORDER

Docket No. 20-CR-390 (ENV)

        WHEREAS, discovery materials provided and to be provided by the government in the above-captioned case (hereinafter, the "Discovery Materials") contain: (i) documents, records, reports and other information, including, but not limited to, audio recordings, as well as transcripts and translations of such recordings and materials, that could lead to the identification of potential witnesses, including civilian witnesses, confidential informants or sources, and cooperating witnesses; (ii) information related to ongoing investigations, including information that could identify the targets or subjects of such investigations; (iii) personal financial information and personally identifiable information regarding various specific individuals, including information relating to the bank accounts, addresses, social security numbers and dates of birth of those individuals, and financial information for specific corporations, including information related to bank accounts (collectively hereinafter "PII"); and (iv) witness statements provided pursuant to 18 U.S.C. § 3500,

        IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that:

1

1. The Discovery Materials can be used by the defendant, his defense counsel, the legal staff of defense counsel and retained members of the defense team (including but not limited to consultants, expert witnesses, investigators, translators, transcribers or vendors) in this matter only for purposes of trial preparation, discovery, defense at trial against the charges set forth in the above-captioned indictment or as charged in any superseding indictment returned after the date of execution of this Stipulation and Order, at sentencing and in any related appellate or post-conviction proceedings arising from the above-referenced trial, including challenges, by petition pursuant to 28 U.S.C. § 2255, to any related conviction or sentence.

2. Excluding defense counsel, defense counsel's legal staff and retained members of the defense team (as defined above), the defendant shall not intentionally retain more than one hard copy or more than one downloaded electronic copy of the Discovery Materials that contain unredacted PII. The defendant shall not make or procure additional copies of such Discovery Materials that contain unredacted PII, except that nothing herein shall be construed as preventing the defendant from reviewing unredacted Discovery Materials in the presence of his attorneys. For the avoidance of doubt, the defendant's inadvertent retention of more than one hard copy or more than one downloaded electronic copy of Discovery Materials that contain unredacted PII will not constitute a violation of this Stipulation and Order. Upon discovery of any such inadvertent retention, the defendant take shall take reasonable steps to destroy or return to the government the additional copies.

3. Any and all Discovery Materials produced to the defendant by the government and any copies, notes, transcripts, documents or other information derived or prepared from the Discovery Materials shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities, other than to members of the legal staff of defense counsel or retained members of the defense team (as defined above) who have signed this

Stipulation and Order, without further order of the Court.

4. Each of the individuals to whom disclosure is authorized in paragraph 1, that is, members of the legal staff of defense counsel and retained members of the defense team (as defined above) who have signed this Stipulation and Order, shall be provided a copy of this Stipulation and Order and will be advised that he or she shall not further disseminate any portion of the Discovery Materials or any copies, notes, transcripts, documents or other information derived or prepared from the Discovery Materials except in conformity with this Stipulation and Order.

5. In the event that defense counsel determines it is necessary to disseminate Discovery Materials to a prospective consultant, expert witness, investigator, translator, transcriber or vendor in anticipation of and prior to formally engaging or retaining that person to assist in the preparation of the defense, defense counsel may show (but not provide) Discovery Materials to such person. Prior to showing Discovery Materials to the prospective consultant, expert witness, investigator, translator, transcriber or vendor, such person shall be provided with a copy of this Stipulation and Order and advised of his or her obligations pursuant to this Stipulation and Order.

6. In the event that the defendant seeks to file any portion of the Discovery Materials with the Court or otherwise use Discovery Materials during a court proceeding, the defendant and his counsel will comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure, will ensure that court transcripts are appropriately redacted to protect PII and financial information, and will seek permission from the Court to offer the redacted versions of Discovery Materials into evidence unless it is necessary to offer the unredacted version. Nothing in this Stipulation and Order should be interpreted to prevent the defendant from filing Discovery Materials with the Court, or otherwise using Discovery Materials during a court proceeding, as

long as the Discovery Materials are redacted in conformity with this Stipulation and Order.

       7.      The provisions of this Stipulation and Order shall not be construed as preventing disclosure of any information in the public domain (other than through a violation of this Stipulation and Order) or information obtained independently from the government.

       8.      The defendant and his defense counsel will return to the government or destroy all copies of the Discovery Materials provided by the government through discovery in this case at the conclusion of this matter, specifically either within seven days of the later of (a) a verdict of acquittal rendered by a jury, (b) the date of sentencing if no appeal is filed, (c) the issuance of an appellate decision rendering a final judgment, or (d) the final denial of post-conviction relief or the mootness thereof, provided that the parties may confer from time to time to set a later deadline for the destruction of any hard-copy Discovery Materials in the event that public-health measures prevent the safe and timely destruction of such documents.

9. Any violation of this Stipulation and Order (a) will require the immediate return to the government of the Discovery Materials, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
April 14, 2022

FOR THE U.S. DEPARTMENT OF JUSTICE:

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Jonathan P. Lax
Assistant U.S. Attorney

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division

By: _____
Derek J. Ettinger
Jonathan P. Robell
Assistant Chiefs
Clayton P. Solomon
Trial Attorney

DEBORAH L. CONNOR
Chief, Money Laundering and
  Asset Recovery Section
Criminal Division

By: _____
Adam Schwartz
Deputy Chief, International Unit
D. Hunter Smith
Trial Attorney, International Unit

FOR THE DEFENDANT JAVIER AGUILAR:

_____
JAVIER AGUILAR

Approved and agreed to by:
QUINN EMANUEL URQUHART
  & SULLIVAN LLP

By: _____
Alex Spiro, Esq.
Tai H. Park, Esq.
X George T. Phillips, Esq.

5

SO ORDERED:

/s/Eric N. Vitaliano     **4/19/2022**

_____
THE HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK