**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7617**

WRITER'S EMAIL ADDRESS
alexspiro@quinnemanuel.com

August 24, 2023

<u>VIA ECF</u>

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Notice of Recent Developments Relevant to Mr. Aguilar's Letter Motion to Remove or Modify His Location Monitoring Condition (ECF No. 163) – <u>*United States v. Javier Aguilar*, No. 20 Cr. 390 (ENV) (E.D.N.Y.)</u>

Dear Judge Vitaliano,

We write on behalf of Defendant Javier Aguilar to inform the Court of recent developments relevant to Mr. Aguilar's letter motion to remove or modify location monitoring, which is fully briefed and pending decision. ECF No. 163; *see also* ECF Nos. 167 & 168.

As the Court is aware, the government recently obtained an indictment in the Southern District of Texas charging Mr. Aguilar with five counts related to the same alleged "Mexico Bribery Scheme" that this Court dismissed for lack of venue. *See* ECF No. 166-1 (S.D. Tex. indictment). On August 21, 2023, Mr. Aguilar made his initial appearance and was arraigned in the Southern District of Texas before the Honorable Yvonne Y. Ho. *See* Ex. A. During that hearing, the government requested that "the same conditions" of pretrial release imposed "in the Eastern District of New York . . . be imposed in the Southern District of Texas as well" on a "mirror image" basis, including with respect to GPS monitoring. *Id.* at 12:21–13:6, 15:2–4. Mr. Aguilar argued that, given the pending motion in this Court to remove location monitoring, the Southern District of Texas pretrial release conditions should exclude location monitoring. *Id.* at 13:17–14:1. Judge Ho agreed. In particular, she found that "given how broad these travel restrictions are . . . it doesn't sound like the Government has any serious concerns" about Mr. Aguilar appearing for trial. *Id.* at 15:23–25. As a result, Judge Ho determined that "if the Eastern District of New York decides to do away with monitoring, then that will terminate the need for monitoring." *Id.* at 17:1–3. *See also* Ex. B (pretrial release order).

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

-2-

Mr. Aguilar respectfully submits that these recent developments support granting his motion to remove or modify his location monitoring condition for two reasons. *First*, the government's position that the bail package this Court imposed three years ago remains adequate contradicts its argument in opposing Mr. Aguilar's motion that his "risk of flight has only increased" with time and in light of the Mexico-related charges first filed in December 2022. *Contra* ECF No. 167 at 1. *Second*, Judge Ho found that given Mr. Aguilar's expansive travel permissions, the government lacks "any serious concerns" that Mr. Aguilar is a flight risk. Ex. A, at 15:23–25.

Accordingly, Mr. Aguilar respectfully requests that the Court grant his motion to remove or modify the location monitoring provision of his pretrial release conditions. We thank the Court for its attention to these issues.

Respectfully submitted,

Alex Spiro
*Counsel for Defendant Javier Aguilar*

Enclosures:  Ex. A (S.D. Tex. hearing transcript); Ex. B (S.D. Tex. pretrial release order)

cc:  Counsel of Record (via ECF)