**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7617**

WRITER'S EMAIL ADDRESS
**danielkoffmann@quinnemanuel.com**

December 17, 2023

<u>VIA ECF</u>

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Javier Aguilar*, No. 20 Cr. 390 (ENV) (E.D.N.Y.)

Dear Judge Vitaliano,

We write on behalf of Defendant Javier Aguilar in response to the government's letter "request[ing] the Court's guidance" on expert testimony it intends to introduce at trial. ECF No. 207 ("Gov't Letter").

The government previously made disclosures from two purported experts regarding four principal issues: (1) whether Petroecuador constitutes an instrumentality of the government of Ecuador; (2) whether Pemex Procurement International, Inc. ("PPI") constitutes an instrumentality of the government of Mexico; (3) the elements of bribery under the Ecuadorian Penal Code; and (4) the elements of bribery under the Mexican Penal Code. The first two issues relate to the foreign-official element of the Foreign Corrupt Practices Act ("FCPA"), which requires the government to prove that Mr. Aguilar knew that payment would be made to a "foreign official," a defined term that includes an "officer or employee of a foreign government or any department, agency, or instrumentality thereof." 15 U.S.C. § 78dd-3(a)(3) & (f)(2)(A). Determining whether entities such as Petroecuador or PPI qualify as "instrumentalities"—and thus whether their officers or employees constitute "foreign officials"—are "fact-bound questions" that courts have found "unwise and likely impossible to exhaustively answer [] in the abstract." *United States v. Esquenazi*, 752 F.3d 912, 925 (11th Cir. 2014). Accordingly, the government must prove this mixed question of law and fact to the jury beyond a reasonable doubt. *See id.* at 930–32. Mr. Aguilar intends to put the government to its burden on this element.

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

The second portion of each expert's disclosure—the elements of bribery under Ecuadorian and Mexican law—relates to the government's money-laundering conspiracy charge. In Count Five, the government alleges that Mr. Aguilar conspired to make money transfers to promote and conceal (1) violations of the FCPA, (2) bribery under the Ecuadorian Penal Code, and (3) bribery under the Mexican Penal Code.  ECF No. 120 ¶¶ 55–56.  As a result, in instructing the jury on Count Five, the Court will need to recite the elements of bribery under the Ecuadorian and Mexican Penal Codes.

Both the government's expert disclosures, and its proposed jury instructions that derive from its experts' opinions, are incorrect in material respects.  In particular, the government's purported Mexican law expert, David Lopez, misstates the applicable definition of "public servant" and, as a result, reaches an erroneous conclusion about whether payments to employees of PPI violate Article 222 of the Mexican Federal Criminal Code.  Mr. Aguilar intends to show, through cross-examination, that Mr. Lopez's opinion is inaccurate and that the money-laundering conspiracy charge cannot rest on the provision of Mexican law he cites.  Mr. Aguilar thus objects to the government's proposed instructions on the elements of bribery under both Ecuadorian and Mexican law.

In seeking "the Court's guidance" on its expert testimony, the government observes that "[i]ssues of foreign law are questions of law."  Gov't Letter at 1.  That misses the point.  The government's proposed jury instruction is improper both because it relies on Mr. Lopez's erroneous statutory analysis *and* because it assumes facts about the individuals Mr. Aguilar is accused of bribing that Mr. Aguilar disputes and that the government has a burden to prove.  Mr. Aguilar intends to demonstrate the errors in Mr. Lopez's opinion and respectfully submits that live testimony, subject to cross-examination, will be the most efficient way to present this evidence to the Court and to the jury.

Nevertheless, if the Court prefers to tee up the purely legal portion of Mr. Aguilar's dispute with Mr. Lopez's opinion separately, the Court could hear testimony from Mr. Lopez on those points outside the presence of the jury.  Mr. Aguilar stands ready to elucidate these issues and demonstrate the errors in Mr. Lopez's opinion in whatever way the Court believes most appropriate.

Respectfully submitted,

  /s/  Daniel R. Koffmann

Daniel R. Koffmann

*Counsel for Defendant Javier Aguilar*

cc:  Counsel of Record (via ECF)