UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,                                    **ORDER**

           - against -                                   20-CR-390 (ENV)

JAVIER AGUILAR,

                           Defendant.
-----------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On December 6, 2023, this matter was referred to the undersigned for jury selection. On the same date, the Court ordered the parties to file, by December 15, 2023, their proposed *voir dire* and a list of names of all persons, entities, and if relevant, specific locations that may be mentioned during the upcoming trial. On December 15, 2023, Defendant requested, *inter alia*, that "the Court permit the parties a limited opportunity to conduct attorney-led *voir dire*." Dkt. No. 208. On December 18, 2023, the Government filed its opposition to Defendant's request. *See* Dkt. No. 217. For the reasons set forth below, Defendant's request for attorney-led *voir dire* is **DENIED**.

Federal Rule of Criminal Procedure 24(a)(1) provides that "[t]he court may examine prospective jurors *or* may permit the attorneys for the parties to do so." Fed. R. Cr. P. 24(a)(1) (emphasis added). But as the United States Court of Appeals for the Second Circuit has noted, "Court and counsel have somewhat different goals in *voir dire*." *United States v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002). "The court wants a fair and impartial jury to be chosen and to move expeditiously to the presentation of evidence[;] [c]ounsel want a jury favorable to their cause— fair or not—and *voir dire* aids them in exercising peremptory challenges and challenges for cause." *Id.* Counsel also have "an additional purpose in *voir dire*," namely, "exposing jurors to various arguments they intend to make at trial." *Id.* "Counsel view *voir dire* as an opportunity for

advocacy similar to, albeit not the equivalent of, openings or summations," which has led to a "long struggle between bench and bar [] in which the bar has sought the right to question jurors at great length." *Id.* (collecting cases).  Federal courts have thus far "successfully resisted such attempts." *Id.* (citations omitted).

Indeed, in the Second Circuit, the general view, at least among judges, is that "examination by the court is the preferable practice and . . . it results in great savings of time and improves the character of the examination." *United States v. Ray*, No. 20-CR-110 (LJL), 2022 WL 558146, at *21 (S.D.N.Y. Feb. 24, 2022) (quoting Wright & Miller, Federal Prac. & P. § 380); *see, e.g.*, *United States v. Sims*, No. 21-CR-596 (CBA) (TAM) (Nov. 29, 2023) (oral order denying the defendant's request for attorney-conducted *voir dire*); *United States v. Golfo*, No. 19-CV-00095 (KAM), 2020 WL 2513445, at *7 (E.D.N.Y. May 15, 2020) (denying request for attorney-led *voir dire*); *United States v. Saipov*, No. S1 17-CR-722 (VSB), 2020 WL 958527, at *1 (S.D.N.Y. Feb. 27, 2020) (same); *United States v. Barone*, No. S1 09-CR.-91 (NRB), 2010 WL 2976505, at *1 (S.D.N.Y. July 9, 2010) (same).  The estimable Judge Edward Weinfeld opined that "based on more than three decades of judicial service," he was "persuaded beyond peradventure of doubt" that court-led *voir dire* "without exception, has resulted in the empanelling of fair and impartial juries . . . selected expeditiously and with full protection of a defendant's constitutional right to an impartial jury" even in cases involving "the widest publicity in the news media over extended periods of time." *United States v. Wilson*, 571 F. Supp. 1422, 1428 (S.D.N.Y. 1983).

Here Defendant fails to argue persuasively that attorney-conducted *voir dire* is necessary. Defendant argues that "[t]his case's complexity warrants attorney-led *voir dire*," as Defendant is alleged to have violated the Foreign Corrupt Practices Act (FCPA).  *See* Dkt. No. 208.  But Defendant's argument is unavailing.  Defendant provides no reason to indicate why attorney-led,

rather than court-led, *voir dire* is appropriate. "[C]ourt-conducted *voir dire* assures that the parties do not stray into impermissible areas that could potentially taint the prospective jurors' answers or points of view." *Saipov*, 2020 WL 958527, at *1; *see also United States v. Miah*, No. 21-CR-110, 2021 WL 4078662, at *2 (W.D. Pa. Sept. 8, 2021) ("[T]he Court-led *voir dire* process to be employed in Defendant's case will provide sufficient constitutional safeguards to ensure that a fair and impartial jury is selected."). Moreover, "court-conducted *voir dire* also permits each party the opportunity to evaluate the questions proposed by their adversary." *Saipov*, 2020 WL 958527, at *1. "At bottom, the court is dubious that permitting defense counsel or the government to question prospective jurors would pose any real advantage." *Golfo*, 2020 WL 2513445, at *7.

Additionally, contrary to Defendant's argument that precedent supports attorney-led *voir dire* in complex cases, the Government points to other recent FCPA and bribery-related cases in this district in which court-directed *voir dire*—not attorney-directed *voir dire*—was employed. *See* Dkt. No. 217; *see, e.g.*, *United States v. Ng*, 18-CR-538 (MKB) (E.D.N.Y. 2022) (court-directed *voir dire* occurred in a seven-week trial involving FCPA and money laundering charges stemming from large-scale, complex scheme to circumvent the internal accounting controls of Goldman Sachs and embezzle from a Malaysian sovereign wealth fund); *United States v. Juan Angel Napout, et al.*, 15-CR-252 (PKC) (E.D.N.Y. 2017) (court-directed *voir dire* occurred in a six-week trial involving Spanish-speaking defendants' participation in schemes to accept millions of dollars in bribes in exchange for the media and marketing rights to various "FIFA" and its affiliate entities' soccer tournaments); *United States v. Shkreli*, 15-CR-637 (KAM) (E.D.N.Y. 2017) (court-directed *voir dire* occurred in an eleven-week trial alleging conspiracy to commit securities fraud and conspiracy to commit wire fraud stemming defendant's misappropriation of assets in order to pay off defrauded investors in Shkreli's hedge funds).

Accordingly, the Court denies Defendant's request for attorney-led *voir dire*.  The Court will address the parties' proposed *voir dire* questions (Dkt. Nos. 208 and 209) and other items related to jury selection at the final pre-trial conference scheduled for December 21, 2023.

SO ORDERED.

Dated:        Brooklyn, New York
              December 19, 2023

              _/s/ Joseph A. Marutollo_
              JOSEPH A. MARUTOLLO
              United States Magistrate Judge