quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7617**

WRITER'S EMAIL ADDRESS
**danielkoffmann@quinnemanuel.com**

December 29, 2023

**VIA ECF**

Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>*United States v. Javier Aguilar*, No. 20 Cr. 390 (ENV) (E.D.N.Y.)</u>

Dear Judge Vitaliano:

    We write on behalf of Defendant Javier Aguilar regarding the parties' requests to charge to raise an exceptionally important issue that merits the Court's attention and resolution prior to the commencement of trial: the need to instruct the jury that Mr. Aguilar can be found guilty of violating, or conspiring to violate, the Foreign Corrupt Practices Act ("FCPA") ***only*** if he ***knew*** the intended recipient of a bribe was a "foreign official" within the meaning of the FCPA. *See* 15 U.S.C. § 78dd-2(h)(2)(A) (defining "foreign official"). This issue will have a material effect on Mr. Aguilar's defense and on his final preparations for trial, up to and potentially including his opening statement. And if the Court chooses to instruct jurors on certain topics at the start of trial, then this issue may affect what instructions the Court elects to give at that stage. Mr. Aguilar raises this issue at this time given its heightened importance and reserves his right to object to other aspects of the government's requests to charge at the charge conference.[1]

    The FCPA's plain language requires that the defendant know a bribe's intended recipient is a foreign official. The statute makes it a crime to "giv[e] . . . anything of value [directly or indirectly] to . . . any foreign official . . . for purposes of," as relevant here, "(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage." *Id.* § 78dd-2(a)(1) & (a)(3). As a threshold matter, it is difficult to see how one could act with any of the proscribed purposes without knowing that the intended bribe recipient was a

---

[1] Unless otherwise indicated, this letter omits from quotations and citations all internal quotation marks, alterations, footnotes, and citations.

government official. Even assuming it were possible, the statute eliminates any doubt about the defendant's requisite knowledge by specifying that the defendant must act "corruptly." *Id.* § 78dd-2(a). It is well settled in this Circuit that "corruptly" for FCPA purposes means acting with a "bad or wrongful purpose and an intent to influence a foreign official to misuse his official position." *Stichting Ter Behartiging v. Schreiber*, 327 F.3d 173, 183 (2d Cir. 2003); ECF No. 231 at 18 ("Def.'s Instr.") (collecting authorities). The government concedes this is the applicable definition of "corruptly." ECF No. 232 at 17–18 ("Gov't Instr.").

This reading of the statute is consistent with well established principles of statutory construction. As the Supreme Court explained recently in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), there is "a longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct"—"[a] presumption [that] applies with equal or greater force when Congress includes a general scienter provision in the statute itself." *Id.* at 2195. *Rehaif* concerned the proper interpretation of 18 U.S.C. § 922(g)(5), which makes it unlawful for "an alien . . . [who] is illegally or unlawfully in the United States" to possess a gun, and 18 U.S.C. § 924(a)(2), which then specified the maximum penalty for anyone who "knowingly violates" Section 922(g). *Id.* at 2194.[2] The Court held that because Section 922(g)(5) makes possessing a gun unlawful only if the person possessing it had the status of illegal alien, the statute requires the government to prove not only that the person *had* that status when he possessed the gun but also that the person *knew* he had that status. *Rehaif*, 139 S. Ct. at 2195–97 ("It is therefore the defendant's *status*, and not his conduct alone, that makes the difference. Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful." (original emphasis)).

This reasoning applies with equal force in the FCPA context. The FCPA criminalizes conduct that would otherwise be lawful—making gifts to business associates to assist in obtaining or retaining business—only if the business associates are foreign officials acting in their official capacity. As the government acknowledges, one statutory element of the crime is that the bribe recipient be a government official. Gov's Instr. 16. *Rehaif* teaches that courts must presume Congress intended to require that a defendant "possess a culpable mental state regarding" that statutory element, 139 S. Ct. at 2195—that is, that the defendant must *know* the bribe recipient is a foreign official. That presumption applies with even greater strength here because Congress specified that the gift must be given "corruptly." *See id.*; 15 U.S.C. § 78dd-2(a). The Eleventh Circuit expressly has held as much, s*ee United States v. Esquenazi*, 752 F.3d 912, 930 & n.13 (11th Cir. 2014) (jury instruction that defendants "must have *known* the recipient of the bribe payment would be a foreign official" was "a correct statement of the law"). And other courts, relying on *Rehaif*, have reached the same conclusion in interpreting the Foreign Agents Registration Act, which likewise makes otherwise innocent conduct unlawful if done at the direction of a foreign official. *See United States v. Alshahhi*, No. 21 Cr. 371 (BMC), 2022 WL 2239624, at *9 (E.D.N.Y. June 22, 2022) (government must prove not only that

---

[2] Congress recently amended Section 924 to increase the maximum prison sentence for a Section 922(g) violation from ten to 15 years and, in so doing, moved the relevant prohibition to Section 924(a)(8). *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159 § 934(c), 136 Stat. 1313, 1329 (2022). This amendment does not affect *Rehaif*'s construction requiring knowledge of status.

defendant was acting at direction of a foreign official but that defendant knew the person was a foreign official); *United States v. Abouammo*, No. 19 Cr. 621 (EMC), 2022 WL 17584238, at *7 (N.D. Cal. Dec. 12, 2022) (same).

The government does not appear to disagree with this reading of the statute. Its own proposed FCPA instruction includes the following sentence: "The term 'corruptly' in the FCPA means that the offer, payment, or promise was intended to induce a person who is a foreign official to misuse his or her official position or to influence the foreign official's action in the defendant's favor." Gov't Instr. 17–18. This instruction arguably can be read to subsume a requirement that the defendant knew the bribe recipient was a foreign official, since the defendant must have "intend[ed]" that the bribe recipient misuse his or her "official position." But it does not make that requirement explicit. And it is extremely important to Mr. Aguilar that the requirement *be made explicit*, because his lack of knowledge that payments were made to foreign officials is a critical part of his defense.

Accordingly, Mr. Aguilar's proposed jury instruction makes the relevant knowledge requirement explicit. It states: "The government must prove beyond a reasonable doubt that the defendant knew the intended recipient of a bribe was a 'foreign official' as that term is used in the FCPA." Def.'s Instr. 27. Mr. Aguilar respectfully requests that the Court give the jury his proposed instruction. *See generally United States v. Durham*, 825 F.2d 716, 718 (2d Cir. 1987) ("We have repeatedly recognized a criminal defendant's right to a charge which reflects the defense theory.").

\*   \*   \*

Because the question of Mr. Aguilar's knowledge of the alleged bribe recipients' status as "foreign officials" under the FCPA will permeate the trial, Mr. Aguilar respectfully requests that the Court consider and resolve this issue prior to the parties' opening statements.

Respectfully submitted,

 /s/  Daniel R. Koffmann

Daniel R. Koffmann
*Counsel for Defendant Javier Aguilar*


cc:  Counsel of Record (via ECF)