

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JPL/MRG  
F. #2019R01460

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 26, 2024

**FILED UNDER SEAL**

<u>By ECF and E-mail</u>

The Honorable Eric N. Vitaliano  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

   Re: <u>United States v. Javier Aguilar</u>  
     <u>Criminal Docket No. 20-390 (ENV)</u>

Dear Judge Vitaliano:

  The government respectfully submits this brief letter in opposition to the defendant's motion of late last night seeking to introduce portions of recorded conversations between Enrique Pere and Nilsen Arias ("Pere-Arias Calls") (Dkt. 267), and the government is prepared to further address the defendant's motion prior to or during the trial day.

  First, the Pere-Arias calls are out-of-court statements that the defendant clearly intends to offer for their truth. They are hearsay and should not be admitted. If the defendant wanted to confront Nilsen Arias with his statements, he should have done so on cross-examination to allow Arias an opportunity to explain his statements and state of mind.

  Second, Enrique Pere testified that he placed a number of calls as a proactive cooperator to people involved in various bribery schemes and that he was directed by law enforcement agents about what to say, including to conceal his cooperation. While the defense may, if it wishes, cross-examine Pere regarding this testimony, introduction of the Pere-Arias Calls for the purposes proffered by the defendant would constitute a "waste of time" and a "needless presentation of cumulative evidence," because the statements Pere made at the direction and under the supervision of law enforcement do not bear on his credibility. <u>See</u> <u>United States v. Crowley, 318 F.3d 401, 417</u> (2d Cir. 2003) (citing Fed. R. Evid. 403); <u>accord</u> <u>United States v. Flaharty</u>, 295 F.3d 182, 191 (2d Cir. 2002). In addition, the specific statements that Pere made to Arias at the direction of law enforcement are, at most, minimally relevant, and the specific way in which those statements are false is not probative and is unfairly prejudicial. <u>See</u> Fed. R. Evid. 401, 403.

Third, the law is clear that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack . . . the witness's character for truthfulness." Fed. R. Evid. 608(b); see, e.g., United States v. Brown, 2009 WL 497606, at *3 (E.D.N.Y. Feb. 26, 2009) ("Under the plain mandate of Rule 608(b), extrinsic evidence of a witness's prior conduct may not be admitted to attack his truthfulness."). The defendant's request runs counter to Rule 608(b): he seeks to admit extrinsic evidence—the Pere-Arias Call—to prove specific instances of Pere's's untruthfulness. That should not be allowed.

Finally, the Court in United States v. Ng, 18-CR-528 (MKB), dealt with a nearly identical issue and precluded such recordings. See Dkt. 138 at 24-35.[1]

                                                Respectfully submitted,

                                                BREON PEACE
                                                United States Attorney

By:      /s/
         Jonathan P. Lax
         Matthew Galeotti
         Assistant U.S. Attorneys
         (718) 254-6139

         GLENN S. LEON
         Chief, Fraud Section
         Criminal Division, U.S. Dept. of Justice

By:      /s/
         Derek J. Ettinger
         Assistant Chiefs, FCPA Unit
         Clayton P. Solomon
         Trial Attorney, FCPA Unit

         MARGARET A. MOESER
         Acting Chief, Money Laundering & Asset
           Recovery Section
         Criminal Division, U.S. Dept. of Justice

By:      /s/
         D. Hunter Smith
         Trial Attorney, International Unit

---

[1] The government will provide copies of the order to the Court and defendant.

Enclosure

cc: Counsel of Record (by e-mail)