quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7617**

WRITER'S EMAIL ADDRESS
**danielkoffmann@quinnemanuel.com**

January 28, 2024

<u>VIA ECF</u>

Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>*United States v. Javier Aguilar*, No. 20 Cr. 390 (ENV) (E.D.N.Y.)</u>

Dear Judge Vitaliano:

    We write on behalf of Defendant Javier Aguilar to raise evidentiary issues related to five exhibits that may arise during Monday's cross-examination of Enrique Pere. Mr. Aguilar will prepare redacted and excerpted versions of these exhibits and transmit them to the Court using a secure file-transfer link sent by email (copying government counsel).

    A.    <u>**Evidence Of Transmission Of Documents**</u>

    Mr. Aguilar anticipates offering three exhibits that reflect the transmission of documents between Enrique Pere and Nilsen Arias. ***First***, DX 282 is a screenshot of a text message exchange between Enrique Pere and Mr. Arias on January 3, 2020. Mr. Aguilar seeks to cross-examine Enrique Pere regarding the bottom-two messages in the screenshot, which reflect nothing more than Mr. Arias transmitting to Enrique Pere the spreadsheet that already has been introduced into evidence at DX 32.

    ***Second***, DX 29 is another screenshot of a text message conversation between Enrique Pere and Nilsen Arias that reflects the transmission of documents between Enrique Pere and Mr. Arias. As with DX 282, Mr. Aguilar solely seeks to use these messages to demonstrate the fact of transmission.

    ***Third***, GX 3006 contains an extraction of text messages exchanged between Enrique Pere and Nilsen Arias between December 20, 2020 and March 8, 2021. Mr. Aguilar seeks to cross-examine Enrique Pere regarding a single text message (on page 256 of the exhibit) that Mr. Arias sent Enrique Pere on March 16, 2020, at 2:47:08 p.m. (UTC). The message reflects nothing other

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

than the transmission of the document that is in evidence as DX 33. As with DX 29 and DX 282, Mr. Aguilar seeks to introduce this message to demonstrate that Mr. Arias sent this document to Enrique Pere when and how he did.

The messages Mr. Aguilar seeks to introduce in DX 282, DX 29, and GX 3006 contain no assertions whatsoever and thus, by definition, would not be offered for the truth of anything asserted. Numerous courts have held that evidence offered to prove the transmission of a document is not hearsay under Rule 801 of the Federal Rules of Evidence. *See, e.g.*, *Burroughs v. City of Tucson*, No. 16 Civ. 724 (TUC) (BGM), 2018 WL 5044653, at *6 n.16 (D. Ariz. Oct. 17, 2018) ("the fact that the e-mail was sent is not hearsay"); *see also, e.g.*, *United States v. Khorozian*, 333 F.3d 498, 506 (3d Cir. 2003) ("The fax's contents were not hearsay because Khorozian sought to introduce the fax for the fact that it contained the name Teixiera (and was sent on May 15), not for its truth. The fax is relevant, regardless of its truth, to rebut the Government's contention that she and Queirolo fabricated the document after May 25 as part of a scheme to defraud the bank."). The Court therefore should admit the messages in DX 282, DX 29, and GX 3006 noted above because they are not hearsay.

### B. Assertions Not Offered For Their Truth

Mr. Aguilar anticipates offering two exhibits that contain assertions that are false. ***First***, page 249 of GX 3006-T (a translated version of GX 3006, discussed above) contains a message at on March 11, 2020, at 7:55:10 p.m. (UTC) in which Mr. Arias writes, "16-Sep-18PAID $651,000 Fuel Oil." This statement is not true—and would not be offered for its truth—because, as Mr. Aguilar has explained, the government has conceded that "Mr. Arias never received a $651,000 payment from the Pere brothers on behalf of Vitol." ECF No. 267 at 2–3 (citing ECF No. 242 at 1 n.1). Nevertheless, Mr. Arias's statement, albeit false, is probative of his belief at that moment that he had received $651,000 on behalf of Vitol. And the fact that Mr. Arias (and the Pere brothers) were so unclear about how much, if anything, had been or should be paid on account of the Vitol deal is relevant to whether there ever was a meeting of the minds sufficient to establish the alleged conspiracy—and, even if there was, whether Mr. Aguilar was part of it.

***Second***, DX 31 is a printed version of the spreadsheet that has been admitted into evidence as DX 33, on which Enrique Pere made certain handwritten notes. These notes likewise concern the $651,000 that the government previously had claimed the Pere brothers had paid to Mr. Arias to benefit Vitol, but which the government now admits was not paid for Vitol's benefit. *See* ECF No. 242 at 1 n.1. Because these notes were inaccurate, Mr. Aguilar does not offer them for the truth of what they assert.

Rule 801 defines "hearsay" as an out-of-court "statement that . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Mr. Aguilar does not intend to offer the statements noted above to prove that Mr. Arias received $651,000 on behalf of Vitol. As a result, these statements are not being offered "to prove the truth of the matter asserted" and thus are admissible as non-hearsay. *See, e.g.*, *United States v. Song*, 436 F.3d 137, 139 (2d Cir. 2006) (error to exclude statements that "were offered not for the truth of the matters asserted," particularly where the statements in question were "*false*" (original emphasis)).

-3-

For the foregoing reasons, the Court should admit the portions of DX 282, DX 29, GX 3006, and DX 31 discussed above. We thank the Court for its attention to these issues.

Respectfully submitted,

 /s/  Daniel R. Koffmann

Daniel R. Koffmann
*Counsel for Defendant Javier Aguilar*

cc:  Counsel of Record (via ECF)