quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7617**

WRITER'S EMAIL ADDRESS
**danielkoffmann@quinnemanuel.com**

February 1, 2024

<u>**VIA ECF**</u>

Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>United States v. Javier Aguilar</u>, No. 20 Cr. 390 (ENV) (E.D.N.Y.)

Dear Judge Vitaliano:

  We write on behalf of Defendant Javier Aguilar to move to exclude the testimony of a late-disclosed government witness. On Sunday, January 28, 2024—nearly four weeks into trial—the government disclosed that it intended to call Michael J. Petron, CPA, CFE, a "Co-President" of "Disputes, Claims & Investigations" at Stout Risius Ross, LLC.[1] ECF No. 274 at 4. According to the government, "Michael Petron is expected to establish . . . that the payments to the defendant are traceable to funds paid from Vitol to Hanst, and that defendant and Hanst used the same pool of funds to pay bribes to Ecuadorian and Mexican officials that he used to pay companies that ultimately made payments to the [d]efendant." *Id.*

  As explained below, the Court should exclude Mr. Petron's belatedly and improperly disclosed expert testimony because it violates the Court's pretrial orders, Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, and Rules 702 and 403 of the Federal Rules of Evidence.

**I. THE GOVERNMENT'S BELATED AND THREADBARE DISCLOSURE VIOLATES THE COURT'S PRETRIAL ORDERS AND RULE 16(A)(1)(G).**

  The government's disclosure of Mr. Petron's testimony is too little, too late. "The court . . . must set a time for the government to make its [expert] disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii). Pursuant to that rule, the Court set a deadline of

---

[1] Mr. Petron's biography is available at: https://www.stout.com/en/professionals/michael-petron.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

October 2, 2023 for government "[e]xpert disclosure[s]." Min. Entry (June 7, 2023). The Court also ordered the government to disclose its trial "witness list" by November 17, 2023. *Id.*

Both those deadlines came and went months ago. Yet the government never disclosed any report from Mr. Petron and never indicated that he would (or might) testify at trial. Courts routinely exclude belatedly disclosed expert testimony, and this Court should do so here given that trial started nearly a month ago. *See, e.g.*, *United States v. Ulbricht*, 858 F.3d 71, 91 (2d Cir. 2017) (affirming decision to preclude experts disclosed "[l]ong after the trial began" and "shortly before the government rested"), *abrogated in part on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2017); *United States v. Mahaffy*, No. 05 Cr. 613 (ILG), 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007) ("It is well-settled that a court may in its discretion preclude expert examination pursuant to Rule 16[ ] . . . regarding any topics or opinions not properly disclosed.").[2]

The government's claim that Mr. Petron "is already on the government's witness list" and was someone whom "the government intends to call [ ] even if the government were not going to put on evidence of the Diversion Scheme" is, at best, misleading. ECF No. 274 at 4. Although the government's pretrial disclosures made reference to Mr. Petron, its witness list expressly noted that he **would not** be testifying at trial, and the government still has yet to disclose *any* Section 3500 material from him. *See* Ex. A ("Individuals whom the government may call as witnesses at trial are identified with an asterisk (*) on the enclosed list."); Ex. B, at 84 (listing Mr. Petron with no asterisk and without any 3500 material); *see also* Ex. A ("[T]he government also hereby discloses statements of other persons whom the government does not presently intend to call as witnesses at trial."). Indeed, on January 27, 2024—nearly a month into trial and after the Court requested an "offer of proof" related to the alleged diversion scheme—the government provided a new witness list that *still* did not indicate Mr. Petron would be testifying at trial. *See* Ex. C at 93 (again listing Mr. Petron with no asterisk and no 3500 material); Ex. D (transmittal email). Where the government repeatedly has made clear that it will *not* call Mr. Petron, it cannot be heard to argue that it provided sufficient notice of its intention to call him.

Nor has the government disclosed the substance of Mr. Petron's potential expert testimony. "At the defendant's request, the government must disclose to the defendant, in writing, the information required by [subpart] (iii) for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief[.]" Fed. R. Crim. P. 16(a)(1)(G)(i). Mr. Aguilar made such a request in December 2022. Ex. E at 9. As amended in 2022, Rule 16(a)(1)(G)(iii) now requires the government to disclose (1) "a complete statement of all opinions that the government will elicit from the witness"; (2) the "bases and reasons for" those opinions; (3) "the witness's qualifications, including a list of all publications authored in the previous 10 years; and (4) "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."

The government did none of those things here. Nor does its January 28 letter satisfy Rule 16(a)(1)(G)'s requirements. It describes Mr. Petron's anticipated testimony in a single clause of a single sentence. ECF No. 274 at 4. And although the letter contains two pages of summaries of testimony that the government may seek to elicit, *see id.* at 4–6, it never explains what evidence

---

[2] Unless otherwise indicated, this letter motion omits from quotations and citations all internal quotation marks, alterations, footnotes, and citations.


Mr. Petron specifically would present. To the contrary, that summary describes the anticipated testimony of three different witnesses without distinguishing what each would testify about. *See id.* at 4 ("The government anticipates that evidence regarding the Diversion Scheme would be introduced through limited testimony from three government witnesses whom the government already intends to call at trial: (1) Lionel Hanst . . . (2) FBI Special Agent Ludys Barrigner . . . and (3) Michael Petron . . . . [T]hese witness's testimony and evidence will establish, among other things [the evidence summarized in subsequent pages.]").

As a result, the government's letter leaves Mr. Aguilar completely uninformed about what Mr. Petron might testify about at trial. That is improper. Expert disclosures aim to "provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii). We are now in the *fifth week* of trial. The government should not be disclosing new case-in-chief witnesses this late in the game—particularly new expert witnesses whose opinions and methodologies are known only to the government. *See United States v. Mrabet*, No. 23 Cr. 69 (JSR), ___ F. Supp. 3d ___, 2023 WL 8179685, at *2–3 (S.D.N.Y. Nov. 27, 2023) (excluding government expert because of "shoddy noncompliance with amended Rule 16" and noting "the [g]overnment must take the 2022 amendment to Rule 16 seriously if it is to have its intended salutary effect").

## II. THE GOVERNMENT'S DEFICIENT DISCLOSURE FAILS ITS BURDEN UNDER RULE 702.

The government's deficient disclosure also makes it impossible for the Court to determine whether Mr. Petron's expert opinions are reliable enough to satisfy Rule 702 of the Federal Rules of Evidence. *See generally Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). "While the proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied, the district court is the ultimate gatekeeper. The Federal Rules of Evidence assign to it the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007).

By keeping the Court and Mr. Aguilar in the dark about what Mr. Petron might say and what his opinions are based on, the government is preventing the Court from discharging its gatekeeping duties under Rule 702 and depriving Mr. Aguilar of information he needs to determine whether he should move to strike Mr. Petron's testimony under *Daubert* and its progeny. *See United States v. Schena*, No. 5:20 Cr. 425 (EJD), 2023 WL 7348458, at *4–5 (N.D. Cal. Nov. 6, 2023) (disregarding Mr. Petron's expert opinions as unreliable). This too is improper.

Because "a statement of an [expert] opinion's bases and reasons cannot merely be the *ipse dixit* of the expert from experience," "[a]n expert opinion requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion." *Mrabet*, 2023 WL 8179685, at *2. The government's failure to disclose before trial a "detailed statement[ ] of the reasons for [Mr. Petron's] opinions and the methodologies [he] employed" therefore makes his testimony inadmissible under Rule 702. *Id.* at *3.

## III. MR. PETRON IS NO MERE SUMMARY WITNESS.

The government cannot salvage its belated and improper disclosure of Mr. Petron's testimony by claiming he will testify not as an expert but as a "summary witness."

*See* Fed. R. Evid. 1006; *see also* Fed. R. Crim. P. 16, advisory committee note to 2022 amendment (pretrial disclosure requirements also apply to "summary witnesses" when "called to offer expert opinions apart from, or in addition to, the summary evidence"). The substance of Mr. Petron's background and experience make plain the expert nature of his anticipated trial testimony.

Mr. Petron is one of the top accountants at Stout Risius Ross, LLC and a frequent expert for the government. *See supra* note 1. He describes himself as "an *expert* in the application of statistics, accounting and finance to white collar crimes and civil litigation matters," and states that "[h]is practice focuses on financial and healthcare frauds as well as False Claims Act (FCA) and Foreign Corrupt Practices Act (FCPA) investigations." *Id.* (emphasis added). "Mr. Petron has been engaged by the DOJ's Executive Office for United States Attorneys to provide financial, accounting, data analysis, and statistical *expertise* to the United States Attorney Office community."[3] Courts in recent cases accordingly have described Mr. Petron as an accounting and financial tracing "expert."[4]

Simply put, Mr. Petron is an expert—not a summary witness. If the government did not need an expert to provide this testimony, then it would not have retained Mr. Petron in the first place. This is not a case where the government seeks to have an agent or Vitol employee discuss "investigatory findings and conclusions . . . not rooted exclusively in [any] expertise." *United States v. Ray*, No. 20 Cr. 110 (LJL), 2022 WL 558146, at *16 (S.D.N.Y. Feb. 24, 2022). The government did not hire Mr. Petron to testify about simple mathematics or summarize routine wire transfers. Nor did it have to: the case agent, Special Agent Ludys Barringer—a properly disclosed witness—can (and will) do so as a true summary witness. *See* ECF No. 274 at 4.

Rather, just as it has in dozens of engagements, the government hired Mr. Petron to apply his *expertise* as a certified accountant, fraud examiner, and financial tracer to show the flow of money among dozens of persons and entities, over several years, and across a half-dozen countries' banks. One of the first things Mr. Petron will tell the jury is that he is a leading accountant at one of the country's top accounting firms with decades of forensic accounting experience who has testified in dozens of federal cases. The government wants him to testify as such before the jury to bolster its evidence and his testimony with the imprimatur and prestige of his expertise. *See Daubert*, 509 U.S. at 595 ("[e]xpert evidence can be both powerful and quite misleading" for jurors).

Because Mr. Petron no doubt relied on his "specialized knowledge" as a forensic accountant and fraud examiner to evaluate *years* of dense financial data in this case, his testimony far exceeds what is permitted of a summary witness. *Bank of China, N.Y. Branch v. NBM LLC*,

---

[3] Expert Report of Michael J. Petron, ex. A at 1, *United States v. Wilhite*, No. 00 Cr. 504 (CMA) (D. Colo. Feb. 14, 2017) (ECF No. 146-1) (emphasis added).

[4] *See, e.g.*, *Schena*, 2023 WL 7348458, at *2, *4–5; *United States v. Burkich*, No. 19 Civ. 3510 (MLB), 2022 WL 4236243, at *9 (N.D. Ga. Sept. 14, 2022); *United States v. All Assets Held at Bank Julius Baer & Co.*, No. 04 Civ. 798 (PLF) (GMH), 2019 WL 1167743, at *2 (D.D.C. Mar. 13, 2019); *United States v. Wilhite*, No. 00 Cr. 504 (CMA), 2017 WL 4572321, at *1 (D. Colo. Oct. 13, 2017); *United States v. Langford*, No. 4:14 Cr. 3103 (JMG), 2016 WL 2350111, at *1–2 (D. Neb. May 4, 2016).

359 F.3d 171, 182 (2d Cir. 2004) (vacating and remanding where court improperly admitted expert testimony); *see also United States v. Lucas*, 849 F.3d 638, 644–45 (5th Cir. 2017) ("summary witnesses" may testify only "in a limited capacity"); Fed. R. Evid. 702 (governing testimony that depends on "specialized knowledge"). "When specialized expertise is used, the summary witness may well be transformed into something more—he or she may be summarizing documents, but he or she is doing so based on expertise that a juror would not ordinarily possess. It is just such situations that require Rule 702 qualification." *United States v. Webb*, No. 15 Cr. 616 (KBF), 2017 WL 11488608, at *10 (S.D.N.Y. Apr. 3, 2017); *accord United States v. Anderson*, No. 21 Cr. 397 (EMC), 2023 U.S. Dist. LEXIS 207768, at *35 (N.D. Cal. Nov. 20, 2023) (summary witness "veers into expert testimony" when he "explain[s] forms of analysis or other methodologies similar to that which an accountant or statistician might be called upon to employ their expertise").

Because Mr. Petron's testimony goes beyond what a summary witness may do, the Court should prevent him from offering improperly and belatedly disclosed expert opinions at trial.

### IV. RULE 403 PRECLUDES MR. PETRON'S ANTICIPATED TESTIMONY.

In any event, Rule 403 precludes Mr. Petron's testimony no matter if he is an expert or summary witness. As the Court held before, evidence of the alleged diversion scheme (the sole subject of his testimony) is "inflammatory" and "inescapably" risks a conviction based on the unlawful inference of raw propensity. ECF No. 155 at 6–8. The Court added that allowing this evidence would trigger intractable juror confusion and unfair prejudice that limiting instructions could not cure. *Id.* Mr. Petron's anticipated testimony will only compound that significant unfair prejudice by further confusing the jury and expending precious time in an already overlong trial. His direct and cross-examinations could take days to complete. And Mr. Aguilar's likely rebuttals thereto may require testimony from additional fact and expert witnesses, which will consume even more Court and juror time. *See* ECF No. 132 at 8–10 (raising similar concerns in successfully opposing government's original diversion motion). The Court therefore should preclude Mr. Petron's testimony under Rule 403.

*      *      *

For all these reasons, the Court should exclude Mr. Petron's anticipated testimony.

Respectfully submitted,

  /s/  *Daniel R. Koffmann*

Daniel R. Koffmann
*Counsel for Defendant Javier Aguilar*

cc:  Counsel of Record (via ECF)

Enclosures:  Exhibits A–E (submitted via email)