UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNITED STATES OF AMERICA,

             -against-                                                    <u>SHORT-FORM</u>
                                                                      <u>MEMORANDUM & ORDER</u>
JAVIER AGUILAR,

                                                                      20-CR-390 (ENV)
                               Defendant.
-------------------------------------------------------------- x

VITALIANO, D.J.

       The parties have filed numerous letter-motions, Dkts. 205, 206, 207, 215, 216, seeking additional *in limine* rulings. The motions are resolved in the manner and for the reasons as set forth below.

| Motion | Ruling |
|---|---|
| (A) (1) The government requests clarification on the admissibility of proposed testimony from a cooperating witness, Lionel Hanst, regarding Hanst's belief that Aguilar "was likely receiving kickbacks from the individuals Hanst was being directed to pay." Hanst Mot., Dkt. 205, at 2.[1] <br><br> (2) The government further anticipates Hanst's testimony as to certain emails that | (A) (1) Hanst will not be permitted to testify about his belief that Aguilar was receiving kickbacks. *See* Diversion Scheme Order, Dkt. 155. But Hanst will be permitted to testify as to what he said and did in furtherance of the conspiracy and his personal knowledge of acts and statements by Aguilar or others in furtherance of the conspiracy. <br><br> (2) A ruling on the emails is deferred. *See* Def.'s Responsive Mot. *in Limine* Order, Dkt. |

---

[1] Page citations are with reference to ECF pagination.

| | |
|---|---|
| relate to both the Diversion Scheme and charged schemes.  *Id.* at 3. | 226, at 1–2. |
| (B)  The government requests preclusion of inquiry into prior acts of one of its cooperating witnesses, ███████—specifically, two instances of prostitution. ███ Mot., Dkt. 206, at 1–2. | (B)  The request is moot.  *See* Gov't Mot. *in Limine* Order, Dkt. 202, at 16–19. |
| (C)  Aguilar requests that the Court preclude testimony by a cooperating witness, Nilsen Arias, that Aguilar once claimed to have paid bribes to two employees of PEMEX in connection with potential business involving liquid petroleum gas.  Arias Mot., Dkt. 215, at 1. | (C)  The government represents that it does not intend to prove that Aguilar in fact paid those bribes, but that Aguilar's own statement is direct evidence of the charged schemes, as it is probative of the relationship of trust between the co-conspirators, Aguilar's state of mind, and absence of mistake.  Def.'s Resp. Letter, Dkt. 225, at 2.  Aguilar's request is denied.  *See generally* Def.'s Affirmative Mot. *in Limine* Order, Dkt. 213, at 7–10; Gov't Mot. *in Limine* Order at 24. |
| (D)  Aguilar seeks preclusion under Rule 16 of the Federal Rules of Criminal Procedure of a second handwritten journal belonging to Antonio Pere, produced to the government on | (D)  The Court has no reason to believe the government is not accurately describing the contents of the journal and the circumstances surrounding the government's obtaining it.  *See* |

| | |
|---|---|
| December 13, 2023 by Pere's counsel and to the defense on December 15, 2023. Journal Mot., Dkt. 216, at 1; Gov't Resp. Letter, Dkt. 224, at 2. The government represents that the journal amounts to thirty-three scanned pages consisting of information about payments made in furtherance of the charged scheme. Gov't Resp. Letter at 2. | Gov't Resp. Letter at 2. Given the nature of the document, Aguilar has not made the requisite showing of prejudice. *See United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016); *see also* Def.'s Affirmative Mot. *in Limine* Order at 15–16. This motion is denied. |
| (E)  The government asks the Court whether it would like to hear testimony from two expert witnesses regarding the elements of the relevant bribery offenses under the Ecuadorian and Mexican Penal Codes. Foreign Law Letter, Dkt. 207, at 1. | (E)  Aguilar contests the experts' disclosures and the government's proposed jury instructions and intends to cross-examine one or both expert witnesses. Def.'s Resp. Letter, Dkt. 212, at 2; Def.'s Second Resp. Letter, Dkt. 223, at 1. Accordingly, the Court will take live testimony as to the purely legal questions outside the presence of the jury. |

So Ordered.

Dated: Brooklyn, New York
December 21, 2023

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge